IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:09CR285 |
| vs. | ) | |
| | ) | ORDER |
| JOSE LOPEZ TORRES, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's "Motion to Compel Discovery" (Filing 23) and the government's response thereto (Filing 25).

The defendant is charged with one count of possession with intent to distribute 500 grams or more of methamphetamine. The evidence supporting the charge was obtained on June 10, 2009, after Sgt. Ed Van Buren stopped the defendant for traffic offenses and Van Buren's police service dog indicated to the odor of an illegal substance coming from the defendant's vehicle. These events are the subject of the defendant's Motion to Suppress (Filing 16), which is set for hearing January 8, 2010.[1]

On December 21, 2009, the defendant filed the pending motion to compel discovery, demanding the government's production of "the veterinary records of the police service dog at issue in this case." He did not file any brief in support of the motion.[2] The defendant states that he has engaged Dr. Lawrence Myers, a doctor of veterinary medicine from Auburn University, as an expert consultant and "potential expert witness" in this case. Dr. Myers is expected to offer the opinion that the events depicted in the recording of the dog deployment in this case are inconsistent with a dog's indication to the presence of narcotics. Dr. Myers, who is said to have reviewed the recording of the dog deployment in this case, wants to

---

[1] The suppression hearing was originally set for November 10, 2009; however, the defendant was granted a two-month continuance for reasons relating to the retention of his expert witness.

[2] Although the motion to compel refers back to the brief offered in support of the defendant's motion to suppress, the prior brief does not contain any discussion related to pretrial discovery. The defendant has cited no rule or other authority supporting his demand for veterinary records.

review the service dog's veterinary records to determine whether there was any underlying medical condition which would prevent a valid indication.

In response, the government advises that "the dog's indication occurred at the front of the Defendant's vehicle, out of view of Sgt. Van Buren's camera's range." Thus, Dr. Myers could have no foundation on which to assert that the events depicted on the recording are inconsistent with an indication to the odor of controlled substances. Further, there is no basis on which to believe that the dog's veterinary records would provide the necessary foundation to Dr. Myers.

The parties were previously ordered to complete discovery pursuant to Fed. R. Crim. P. 16 no later than August 31, 2009. (*See* Filing 12 at ¶ 2). Based on the information contained in the defendant's motion and the government's response, it does not appear that the veterinary records are material to preparing the defense or that the government intends to use them in its case-in-chief at trial. The court finds that the veterinary records demanded by the defendant do not fall within the scope of discovery required by Fed. R. Crim. P. 16(E).

In the alternative, the court finds the defendant has abandoned and waived all issues raised in this motion by failing to file a brief explaining why he is entitled to receive the discovery he now demands. *See* NECrimR 12.3(b).

**IT IS ORDERED** that the defendant's "Motion to Compel Discovery" (Filing 23) is denied.

A party may object to this order by filing an "Objection to Magistrate Judge's Order" no later than **January 6, 2010.** The objecting party must comply with all requirements of NECrimR 59.2.

**DATED January 4, 2010.**

                                            **BY THE COURT:**

                                            **s/ F.A. Gossett**
                                            **United States Magistrate Judge**