IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:09CR285 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| JOSE LOPEZ TORRES, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's objections (Filing No. 27) to the Magistrate Judge's order (Filing No. 26) denying the Defendant's motion to compel discovery.

Under 28 U.S.C. § 636(b)(1)(A) and NECrimR 59.2, the Court has reviewed the order to which the Defendant objects. A district court may set aside any part of the magistrate judge's order, on a non-dispositive matter, shown to be clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A).

The Defendant requests the veterinary records of the drug dog used in the encounter with law enforcement that will be the subject of a hearing on the Defendant's motion to suppress under both Federal Rule of Criminal Procedure 16 and *Brady v. Maryland,* 83 S. Ct. 1194 (1963). The defense argues that its expert witness is expected to testify that, based on the movement of the handler in a video recording of the dog sniff,[1] the dog could not have detected the odor of narcotics and alerted.

---

[1] Both parties state that the dog is not visible in the recording. The Court has not seen the recording because the recording is not yet part of the record.

*Rule 16(a)(1)(E)*

The Defendant argues that the veterinary records are under the government's "control"[2] and that he is entitled to those records because they are "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E).

It is not established whether the veterinary records in question are within the government's "control." The record of this case is silent with respect to where the veterinary records may exist. Even if the parties can surmise that a local law enforcement agency possesses the veterinary records, the record of the case before the Court at this time does not establish this fact nor specify which law enforcement agency has the records. If the records are possessed by a veterinarian, it must be established that they are within the government's control.

The Defendant also must show that the requested veterinary records are material to the preparation of the defense. A positive alert by a reliable dog alone is sufficient to provide probable cause for a vehicle search. *United States v. Gregory,* 302 F.3d 805, 810 (8th Cir. 2002); *United States v. Gomez,* 312 F.3d 920 (8th Cir. 2002). The details of the dog's reliability, *i.e.*, training and certification, will certainly be discussed at the suppression hearing. *See United States v. Donnelly,* 475 F.3d 946, 955 (8th Cir. 2007). Until these matters are established or not established, the Court is unable to determine whether the

---

[2]The record does not clearly indicate for a reviewing court which law enforcement agency possesses the records in question. The record includes only references to a traffic stop on I-80, "police," and "Sgt. Van Buren." The Court believes that the Omaha Police Department is the agency in question.

veterinary records sought meet the standard of materiality for Rule 16 purposes. Accordingly, the Court concludes that the request is premature.

### *Brady v. Maryland*

The request is not appropriate under *Brady,* as the defense has not shown that the veterinary records are exculpatory. The request is premised on a video recording that is not before the Court. The request is made for the purpose of the witness examining the records to determine whether they might aid in the presentation of the witness's testimony at the suppression hearing. Whether the records are exculpatory is an open question.

## CONCLUSION

The Court agrees with Judge Gossett's conclusions, and his order is neither clearly erroneous nor contrary to law. This Court has additional concerns about the Defendant's requests, as discussed above.

Accordingly,

IT IS ORDERED:

1. The Defendant's objections to the Magistrate Judge's order (Filing No. 27) are denied; and

2. The Magistrate Judge's order (Filing No. 26) denying the Defendant's motion to compel discovery is affirmed.

DATED this 6th day of January, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge