IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:09CR285** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **JOSE LOPEZ TORRES,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Findings and Recommendation (Filing No. 37) issued by Magistrate Judge F.A. Gossett recommending that the motion to suppress (Filing No. 16) filed by the Defendant, Jose Lopez Torres, be denied. Torres filed a statement of objections to the Findings and Recommendation and a supporting brief (Filing Nos. 40, 41) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 59.2(a).

Torres is charged in a one-count Indictment with possessing with intent to distribute 500 grams or more of methamphetamine. He seeks the suppression of evidence obtained as a result of a June 10, 2009, traffic stop, detention, and vehicle search.

Following an evidentiary hearing, Judge Gossett issued his written Findings and Recommendation, concluding: probable cause supported the traffic stop; the length of the detention for the traffic stop was reasonable; Torres knowingly and voluntarily agreed to the vehicle search, and he later revoked his consent; the canine sniff was a de minimis extension of the traffic stop and did not result from an unconstitutionally prolonged traffic stop; and the dog indicated at the front of the vehicle, giving officers probable cause to arrest Torres and seize and search the vehicle. Judge Gossett credited the testimony of Sergeant Edward Van Buren more than that of the defense expert, Dr. Lawrence J. Myers. Judge Gossett recommends that the motion to suppress be denied.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a de novo determination of those portions of the findings and recommendation to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

Judge Gossett provided a detailed account of the events surrounding the stop, detention, and search. The Court has considered the transcript of the hearing conducted by Judge Gossett and carefully viewed the evidence. Torres objects to Judge Gossett's finding that the dog alerted, and this objection is discussed below. The Court will address that objection before ruling on the adoption of Judge Gossett's factual findings.

## FACTUAL BACKGROUND

Briefly, Sergeant Van Buren stopped Torres on I-80 for following too closely and exceeding the posted speed limit. Torres was the driver and only occupant of the vehicle. Torres gave unusual answers to some of Sergeant Van Buren's questions. For example, he did not seem to know where he was going. He declared Kansas City as his destination, for the purpose of visiting his niece, after passing through Illinois. However, he could not tell Sergeant Van Buren his niece's name. He appeared to be far more nervous than the average person in a similar situation. After receiving a verbal warning for the traffic violations, Torres agreed to talk with Sergeant Van Buren further and to a search of the vehicle. Eventually, however, Torres revoked his consent once Sergeant Van Buren asked

if he could remove the gas tank, as he had noticed that one of the bolts securing the gas tank was excessively "tooled," meaning that it appeared as if it had been removed and reinstalled several times. Sergeant Van Buren then walked his drug detection canine, Rex, around the vehicle twice. Sergeant Van Buren testified that Rex alerted and then indicated at the front of the vehicle, acknowledging that the video recording does not show the alert. The defense's expert, Dr. Myers, opined that Rex could not have indicated at the front of the vehicle.

## ANALYSIS

Torres objects to the following: the conclusion that the dog sniff was no more than a de minimis extension of the traffic stop after Torres revoked his consent to further searching of the vehicle; and the finding that Rex indicated to the presence of narcotics when Rex was at the front of the vehicle.

### *De Minimis extension of Stop*

In *Illinois v. Caballes,* 543 U.S. 405 (2005), the Supreme Court held that a dog sniff conducted during a lawful traffic stop does not violate the Fourth Amendment. *Id.* at 409. Although Torres argues that *Caballes* "calls into question Eighth Circuit precedent holding that a short detention for a dog sniff after the completion of a traffic stop amounts to only a de minimis intrusion and does not violate the Fourth Amendment," (Filing No. 41, at 4), no legal support accompanies his argument. Torres then argues that he was being unlawfully detained absent reasonable suspicion when the dog sniff occurred. (*Id.*)

Torres's argument fails to recognize that, after *Caballes*, the Eighth Circuit has repeatedly held that a dog sniff conducted within minutes after the conclusion of a traffic stop is a de minimis extension of the stop and does not violate the Fourth Amendment.

*United States v. Mohamed,* __ F.3d __, 2010 WL 1440420, at *4 (8th Cir. Apr. 13, 2010) (five minutes after completion of the stop); *United States v. Rivera,* 570 F.3d 1009, 1014 (8th Cir. 2009) (less than two minutes after consent to search was declined); *United States v. Suitt,* 569 F.3d 867, 873 (8th Cir. 2009) (three minutes after completion of the traffic stop), *cert. denied,* 130 S. Ct. 521 (2009); *United States v. Alexander,* 448 F.3d 1014, 1017 (8th Cir. 2006) (at most four minutes from the completion of the traffic stop to the completion of the dog sniff).

In this case, the traffic stop ended, and Sergeant Van Buren asked whether drugs or guns were in the vehicle. He then asked whether he could search the vehicle (Ex. 1, 12:44:40), and Torres consented (*id.*, 12:46:19). The search ensued, during which the excessive tooling on the bolt securing the gas tank was discovered. Torres then refused to consent when officers asked to remove the gas tank. (*Id.*, 13:07:19-13:07:30.) The canine sniff began less than two minutes after Torres's final refusal was given for removal of the gas tank. (*Id.*, 13:09:28.)

In deciding *Mohamed,* the Eighth Circuit set out the existing reasonable suspicion while noting the lack of necessity to do so for a canine sniff determined to be a de minimis intrusion. *Mohamed,* 1010 WL 1440420, at *4. Similarly, in this case reasonable suspicion existed because, before the manual search of the vehicle, Torres: gave inconsistent and uncertain statements regarding his destination; said he was visiting a niece whose name he could not recall; and was atypically nervous, even after he was given only a verbal warning for the traffic violations. During the manual search officers noticed the excessive tooling on the bolt that secured the gas tank, which provided additional reasonable suspicion for the dog sniff.

In summary, this case falls squarely within post-*Caballes* Eighth Circuit precedent indicating that the dog sniff was a de minimis intrusion of Torres's liberty and, therefore, his Fourth Amendment rights were not violated. Additionally, reasonable suspicion justified Torres's continued detention for the dog sniff. The objection is denied.

### *Whether Rex Indicated*

Torres objects to Judge Gossett's factual finding that Rex indicated at the front of the vehicle. The difficulty in addressing this finding is that the DVD does not show Rex's actions, or fully show Sergeant Van Buren's actions, at the front of the vehicle.

Sergeant Van Buren testified in detail, describing Rex's actions, including those not visible by viewing the DVD. Dr. Myers then gave his opinion as to what he believed Rex's actions were. Dr. Myers opined that Sergeant Van Buren never altered his pace during the two times he circled the vehicle with Rex. He opined that Rex's final passive indication by sitting would have to take at least one or two seconds, and he stated that the DVD shows this delay did not happen.

The Court agrees with Judge Gossett's analysis of Sergeant Van Buren's and Rex's behavior during the sniff after a full de novo review of the evidence. Sergeant Van Buren's head is visible over the roof at the front of the vehicle during the first pass. During the second pass, Sergeant Van Buren's head is not visible while they are at the front of the vehicle, indicating that he must have stooped down. Judge Gossett found that the search of the front end of the vehicle took approximately three seconds longer during the second pass. This Court has reviewed the crucial portions of the DVD several times. The first pass across the front of the vehicle took approximately three seconds. (Ex. 1, 13:09:38-13:09:41.) The second pass of the same area took approximately six seconds. (*Id.,*

5

13:10:17-13:10:23.)  This Court, therefore, agrees with Judge Gossett that Sergeant Van Buren's testimony is more credible than Dr. Myers's testimony.  The DVD corroborates Sergeant Van Buren's testimony.

The Court adopts Judge Gossett's finding that Rex indicated at the front of the vehicle.  Based on the Court's de novo review, Judge Gossett's factual findings are adopted in their entirety.  The objection is denied.

Accordingly,

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation (Filing No. 37) are adopted in their entirety;

2. The Defendant's objections to the Findings and Recommendation (Filing No. 40) are denied; and

3. The Defendant's Motion to Suppress (Filing No. 16) is denied.

DATED this 28th day of April, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge